## SUMMONS

IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT,
LAKE COUNTY, ILLINOIS

MANUEL PASILLAS, )
)
)
)
)
)
Plaintiffs )
vs. )
)
OKUMA AMERICA CORPORATION, )
a/k/a OKUMA MACHINE TOOLS, INC., )
a foreign corporation )
)
)
)
Defendants )

No. 10L433

**PLEASE SERVE:**
Okuma Machinery, Inc.
R.A.: The Prentice-Hall Corporation
Systems, Inc.
327 Hillsborough Street
Raleigh, NC 27602

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

SEAL
OF
COURT

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of OCT 1 2 2010, 20_____

SALLY D. COFFELT, Clerk

Date of Service: Nov. 2, 20 10
(To be inserted by officer on copy left with defendant or other person.)

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Erwin Cohn
COHN & COHN
Address 77 W. Washington, Chicago, IL
Telephone 312-346-9336

171-138 Rev 8/00

STATE OF ILLINOIS      )
                       )
COUNTY OF L A K E      )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

MANUEL PASILLAS,                    )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 ) NO.
                                    )
OKUMA AMERICA CORPORATION,          )
a/k/a OKUMA MACHINE TOOLS, INC.,    )
a foreign corporation,              )
                                    )
    Defendants                      )

FILED OCT 12 2010
Sally D. Coffelt
CIRCUIT CLERK

10 L 933

## COMPLAINT

NOW COMES Plaintiff, MANUEL PASILLAS, by and through his attorneys, COHN & COHN, and for his Complaint against Defendants, OKUMA AMERICA CORP., a foreign corporation, and OKUMA MACHINE TOOLS, INC., a foreign corporation, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. That at all times relevant, MANUEL PASILLAS, was and is a resident of the State of Illinois and County of Lake and was employed by Robert E. Morris Company d/b/a Morris Midwest LLC, with their main office at 9300 West Heather Lane, Milwaukee, Wisconsin. The principal place of business of said companies are at 910 Day Hill Road, Windsor, Connecticut.

2. Defendants, OKUMA AMERICA CORP. and OKUMA MACHINE TOOLS, INC., were and are foreign corporations with their principal place of business at 11900 Westhall Dr., Charlotte, North Carolina, and were and are engaged in the business of designing,

NOTICE BY LOCAL RULE 3.12
THIS CASE IS HEREBY SET FOR A SCHEDULING CONFERENCE IN COURTROOM 40 ON _____, 20___, AT ___ AM/PM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

manufacturing, assembling, distributing, servicing, repairing and/or selling industrial machinery, including a Vertical Machine center under the brand name of OKUMA MB56VB Serial # 104185.

3. On information and belief, Defendants designed, manufactured, assembled, distributed, sold, serviced, and repaired a certain Vertical Machine Center, under the brand name OKUMA MB56VB Serial # 104185, which was ultimately sold to Peopleflo Manufacturing, Inc., and which was being serviced or repaired by Plaintiff on the date of his injury on November 4, 2008, at the Peopleflo Manufacturing Inc. premises located at 10045 Pacific Ave., Franklin Park, IL.

4. On or about November 4, 2008, the Vertical Machine Center which was designed, manufactured, assembled, distributed, sold, installed serviced, and instructed as to repairs by Defendants, was in the same or substantially same condition as when it was originally sold.

5. On or about November 4, 2008, Plaintiff, MANUEL PASILLAS, was performing his usual and customary work duties of repairing the Vertical Machine Center under the express instruction of Defendants' and their personnel when an explosion occurred throwing Plaintiff against the machine and against the floor and wall in the area where he was working. Said Vertical Machine Center was being repaired pursuant to the instructions given to Plaintiff while Plaintiff was repairing said Vertical Machine Center. That as a direct and proximate cause thereof, Plaintiff sustained severe and permanent injuries and disability as well as great pain and suffering.

## COUNT I - NEGLIGENCE

6. Plaintiff incorporates and re-alleges Paragraphs 1-5 of the Allegations Common to All counts as though fully set forth herein.

7. At all times relevant, Defendants, owed a duty to MANUEL PASILLAS to exercise reasonable care and due caution in the design, manufacture, assembly, distribution, sale, installation, repair, service and instructions as to the manner of repair of the aforementioned Vertical Machine Center so as not to cause injury to persons rightfully servicing the Vertical Machine Center.

8. Plaintiff was at all times in the exercise of due care and caution of his own safety.

9. Notwithstanding said duties, and in violation thereof, Defendants, committed one or more of the following negligent acts and/or omissions:

a. Carelessly and negligently designed, manufactured, distributed, assembled and sold the aforesaid system without appropriate safeguards to prevent serious and traumatic injuries;

b. Carelessly and negligently designed, manufactured, distributed, assembled and sold the aforesaid system without proper controls;

c. Carelessly and negligently designed, manufactured, distributed, assembled, repaired and sold the aforesaid system without proper safety mechanisms, safety guards or other guarding mechanisms;

d. Carelessly and negligently designed, manufactured, distributed, assembled, repaired and sold the aforesaid system so that it would unexpectedly explode;

e. Carelessly and negligently designed, manufactured, distributed, assembled, repaired

and sold a defective system, thereby putting others at risk of injury;

f. Carelessly and negligently designed, manufactured, distributed, assembled, repaired and sold the aforesaid system without adequate warnings;

g. Carelessly and negligently designed, manufactured, distributed, assembled, repaired and sold the aforesaid system with an inadequate instruction manual; and gave improper instructions relating to how the said Vertical Machine Center was to be repaired.

h. Carelessly and negligently serviced, maintained and instructed as to repair of said system so that it inappropriately and improperly exploded in an unexpected and unintended manner;

i. Were otherwise careless and negligently in designing, manufacturing, distributing, assembling and selling the aforesaid system.

j. Carelessly and negligently instructed Plaintiff to continue the repairs and furnished improper tools to Plaintiff for said work being done by Plaintiff without the use of proper safety equipment.

k. Instructed Plaintiff to continue repairs and failed to furnish or instruct Plaintiff to seek and use the proper safety equipment and specifically instructed Plaintiff to continue the work without the use of the proper safety equipment.

l. Gave Plaintiff wrong and improper instruction book with drawings that were misleading for the repairs required.

m. Negligently and carelessly furnished Plaintiff with incorrect assembly drawings of the machine that Plaintiff was working on.

10. As a direct and proximate result of one or more of the aforesaid careless and

negligent acts and/or omissions of Defendants, on or about November 4, 2008, an explosion occurred throwing Plaintiff against the machine and the area where Plaintiff was working, thereby causing him severe and permanent injuries, disability and great pain and suffering.

11. As a direct and proximate result of the accident of November 4, 2008, the plaintiff suffered divers injuries; he was sick, sore and lame and suffered great pain and anguish as a result of said injuries; he sustained divers internal injuries, contusions, bruises, lacerations, and hematomas about his head and arms, body and extremities; he was caused to or did have cervical disc C5/C6 at the C-5 CL level as a result of herniations. He was prevented from attending to his usual work and occupation from which he lost divers gains and profits; and further sustained a loss of earning capacity; he has expended and become liable for large sums of money for medical attention in endeavoring to be cured of the injuries so inflicted.

WHEREFORE, Plaintiff MANUEL PASILLAS prays that judgment be entered against Defendants, OKUMA AMERICA CORP., and OKUMA MACHINE TOOLS, INC., in an amount in excess of $50,000.00, plus costs of this action.

## COUNT II - STRICT PRODUCT LIABILITY

12. Plaintiff incorporates and re-alleges Paragraphs 1-5 of the Allegations Common to all counts as though fully set forth herein.

13. Defendants, OKUMA AMERICA CORP., and OKUMA MACHINE TOOLS, INC. designed, manufactured, assembled, distributed, sold, installed, serviced and instructed as to repairs the Vertical Machine Center where and it was being repaired at the Peopleflo

Manufacturing Inc. facility on or about November 4, 2008, said facility located at 10045 Pacific Ave., Franklin Park, IL.

14. On or about November 4, 2008, the aforesaid Vertical Machine Center system malfunctioned and was being repaired by Plaintiff under the instruction and guidance of Defendants and their personnel when the said Vertical Machine Center exploded and caused Plaintiff severe injuries and disability as well as great pain and suffering.

15. The aforesaid Vertical Machine Center was designed, manufactured, assembled, distributed, serviced, sold, and placed into the stream of commerce by Defendants in a defective condition unreasonably dangerous to Plaintiff MANUEL PASILLAS and others in that the system was prone to malfunctions, did not have proper control mechanisms, did not have proper safety and guarding mechanisms, and it did not have adequate warning signs or instructions. The instructions of Defendants and their personnel were in error.

16. Plaintiff MANUEL PASILLAS repaired the Vertical Machine Center in the intended and reasonably foreseeable manner.

17. The Vertical Machine Center was intended to and did reach Peopleflo Manufacturing Inc. without substantial change in its condition as when it left.

18. The defendants did not have correct machine assembly or drawings, which could explain and help plaintiff safely repair machine.

19. Machine drawings depicted a different spindle/drawbar assembly than what was given to plaintiff from defendant via e-mail communication.

20. As a direct and proximate result of one or more of the defective and unreasonably dangerous conditions of the Vertical Machine Center manufactured, assembled, distributed, sold,

installed and serviced by Defendants on or about November 4, 2008, malfunctioned and because of improper instruction by defendant and its personnel and other improper action by Defendant and its personnel, said machine exploded, thereby causing MANUEL PASILLAS severe injuries, disability and great pain and suffering

21. As a direct and proximate result of the accident of November 4, 2008, the plaintiff suffered divers injuries; he was sick, sore and lame and suffered great pain and anguish as a result of said injuries; he sustained divers internal injuries, contusions, bruises, lacerations, and hematomas about his head and arms, body and extremities; he was rendered and prevented from attending to his usual work and occupation from which he lost divers gains and profits; and further sustained a loss of earning capacity; he has expended and become liable for large sums of money for medical attention in endeavoring to be cured of the injuries so inflicted.

WHEREFORE, Plaintiff MANUEL PASILLAS prays that judgment be entered against Defendants OKUMA AMERICA CORP. and OKUMA MACHINE TOOLS, INC., in an amount in excess of $50,000.00, plus costs of this action.

Respectfully submitted,

By: _____
ERWIN COHN, Attorney for
Plaintiff MANUEL PASILLAS

COHN & COHN
Attorneys for Plaintiff
77 W. Washington Street